| Information to identify the case: | | |
|---|---|---|
| Debtor 1: | **George Linwood Farrington Jr.**<br>Name | Social Security number or ITIN: xxx–xx–8880<br>EIN: _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | **Jamie Ann Miller**<br>Name | Social Security number or ITIN: xxx–xx–8250<br>EIN: _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court – Southern District of Indiana | | |
| Case number: | 20–70656–AKM–7A | |

## Order of Discharge

12/2015

**IT IS ORDERED** that a discharge under 11 U.S.C. § 727 is granted to the following debtors:

George Linwood Farrington Jr.          Jamie Ann Miller
                                                             Jamie Ann Farrington
                                                             Jamie Ann Perkins


Dated: **October 7, 2020**          By the court: /s/ Andrea K. McCord
                                                              Judge, U.S. Bankruptcy Court

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay the debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

Pursuant to 11 U.S.C. § 524(c) or (f), this order does not prevent the debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement.

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property, special rules protect certain community property owned by the debtors' spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Debtors George Linwood Farrington, Jr. and Jamie Ann Miller | Case number 20–70656–AKM–7A

## Explanation of Bankruptcy Discharge in a Chapter 7 Case (continued)

**Some debts are not discharged**
Examples of debts that are not discharged are listed below:

- Debts that are domestic support obligations.

- Debts for most student loans.

- Debts for most taxes.

- Debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case.

- Debts for most fines, penalties, forfeitures, or criminal restitution obligations.

- Some debts which the debtors did not properly list.

- Debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans.

- Debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**